GERMAN CLAVIJO AND BERTHA CLAVIJO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clavijo v. Commissioner
Docket No. 2946-79.
United States Tax Court
T.C. Memo 1980-529; 1980 Tax Ct. Memo LEXIS 53; 41 T.C.M. (CCH) 449; T.C.M. (RIA) 80529; December 1, 1980
*53 In 1976, petitioners sold Residence 1 and purchased Residence 2; later in that year, petitioners sold Residence 2 and purchased Residence 3 as a result of petitioner-husband's transfer by his employer to a new principal place of work. Gain from the sale of Residence 1 was "rolled over" under sec. 1034(a), I.R.C. 1954. Held: Respondent's determination that petitioners must recognize gain from the sale of Residence 2 is sustained. Sec. 1034(d), I.R.C. 1954(pre-1978). German Clavijo, pro se. Sara W. Dalton, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined a deficiency in Federal individual income tax against petitioners for 1976 in the amount of $1,691. After concessions by petitioners, the issue for decision is whether the gain realized by petitioners from the sale of their second personal residence in 1976 is to be recognized in the year of sale or is to be "rolled over" pursuant to section 1034(a). [1]
FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioners German Clavijo (hereinafter sometimes referred to as "Clavijo") and Bertha Clavijo, husband and wife, resided in Houston, Texas. Before March 8, 1976, petitioners resided in a home they owned (since 1971) at 1702 Aberdeen Road, Baltimore, Maryland (hereinafter *55 referred to as "Residence 1"). Petitioners sold Residence 1 on March 8, 1976, and realized $ 9,302 gain from this sale. [2]
On January 5, 1976, petitioners purchased for $ 56,000 a residence located at 20701 York Road, Parkton (Baltimore County), Maryland (hereinafter referred to as "Residence 2"). After Residence 1 was sold, petitioners resided in Residence 2 until it was sold on August 6, 1976. Petitioners realized $ 9,052 gain from the sale of Residence 2. [3]
On August 16, 1976, petitioners purchased a residence located at 1907 Roanwood Drive, Houston, Texas (hereinafter referred to as "Residence 3"). Petitioners' total cost for Residence 3 was $ 72,900. After moving into Residence 2, Clavijo was transferred to Houston by his employer, *56 Exxon Company of U.S.A. At the time of his transfer, Clavijo had been employed by Exxon for approximately six years. Residence 2 was sold in connection with the commencement of work by Clavijo at a new principal place of work. On their 1976 income tax return, petitioners gave no notice of the sales of Residence 1 and Residence 2. They neither reported their gains from these sales nor claimed deferral of recognition of their gains. OPINION Petitioners claim they are entitled to defer recognition of the gains from the sales of both Residence 1 and Residence 2 under section 1034(a). Respondent does not challenge petitioners' rollover of their gain from the sale of Residence 1. Respondent maintains that section 1034(d) precludes the deferral of gain from the sale of Residence 2 under section 1034(a). Consequently, respondent asserts, petitioners are required to recognize in 1976 their gain on the sale of Residence 2. Petitioners reply that section 1034(d) does not deny petitioners the benefit of section 1034(a) since Residence 2 was sold in connection with the commencement of work by Clavijo at a new principal place of work and section 1034(d) was subsequently amended to *57 allow nonrecognition treatment under such circumstances. We agree with respondent. Petitioners realized gain from the 1976 sale of Residence 2; under the general rules of sections 1001(c) and 1002 [4] they are required to recognize that gain. Petitioners maintain that section 1034(a)[5] (which is in the same subtitle--subtitle A--as section 1002) provides otherwise, specifically that they are entitled to "roll over" their gain *58 from the sale of Residence 2 by virtue of their acquisition of Residence 3. Since petitioners sold Residence 1 (on March 8, 1976) within 18 months before the date Residence 2 was sold (on August 6, 1976), and the gain from *59 the sale of Residence 1 was not recognized by reason of section 1034(a), the plain language of section 1034(d)[6] prevents section 1034(a) from applying to the gain from Residence 2. Aagaard v. Commissioner,56 T.C. 191, 206 (1971). Petitioners assert that section 1034(d) produces an inequitable result because the sale of Residence 2 was necessitated by Clavijo's transfer to a new principal place of work. Petitioners point out that the Congress viewed section 1034(d) as too restrictive in such circumstances and subsequently amended section 1034(d) to allow section 1034(a) to apply to a *60 subsequent sale of a residence connected with work at a new principal place of work. [7] Sec. 405(a) of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2870. However, as petitioners recognize, this change is effective only for sales and exchanges after July 28, 1978, in taxable years ending after that date. Sec. 405(d) of the 1978 Act, 92 Stat. 2871. *61 The committee reports, in describing then present law, make it plain that section 1034(d) applied to sales such as petitioners' which has taken place before the effective date of the new provisions. H. Rept. 95-1445, p. 137, n. 2, 1978-3 C.B. (Vol. 1) 311; S. Rept. 95-1263, p. 199, n. 2, 1978-3 C.B. (Vol. 1) 497. Since petitioners' taxable year before us is 1976, petitioners are not eligible for application of the 1978 Act relief provision to this case and we have no authority to grant relief where the Congress has denied it. We hold for respondent. In light of petitioners' concessions and the conclusions reached herein. Decision will be entered for respondent.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable year in issue.↩
2. Petitioners' gain from the sale of Residence 1 is computed as follows: ↩
Selling price
$ 37,900
Less: expense of sale
4,598
Amount realized
$ 33,302
Less: basis
24,000
Gain
$ 9,302
3. Petitioners' gain from the sale of Residence 2 is computed as follows: ↩
Selling price
$ 72,000
Less: expense of sale
5,948
Amount realized
$ 66,052
Less: cost plus
improvements
57,000
Gain
$ 9,052
4. SEC 1001. DETERMINATION OF AMOUNT OF AND RECOGNITION OF GAIN OR LOSS. (c) Recognition of Gain or Loss.--In the case of a sale or exchange of property, the extent to which the gain or loss determined under this section shall be recognized for purposes of this subtitle shall be determined under section 1002. SEC. 1002. RECOGNITION OF GAIN OR LOSS. Except as otherwise provided in this subtitle, on the sale or exchange of property the entire amount of the gain or loss, determined under section 1001, shall be recognized. [Emphasis added.] [The subsequent revisions of these provisions (by secs. 1901(a)(121) and 1901(b)(28)(B)(i) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1784, 1799) do not affect the instant case.]↩
5. SEC. 1034. SALE OR EXCHANGE OF RESIDENCE. (a) Nonrecognition of Gain.--If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him after December 31, 1953, and, within a period beginning 18 months before the date of such sale and ending 18 months after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence. [The subsequent amendments of the heading of section 1034 and the text of section 1034(a)↩ (by sec. 405(c)(1) of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2871, and sec. 1901(a)(129)(A) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1785, respectively) do not affect the instant case.]
6. SEC. 1034. SALE OR EXCHANGE OF RESIDENCE. (d) Limitation.--Subsection (a) shall not apply with respect to the sale of the taxpayer's residence if within 18 months before the date of such sale the taxpayer sold at a gain other property used by him as his principal residence, and any part of such gain was not recognized by reason of subsection (a) or section 112(n) of the Internal Revenue Code of 1939. [The subsequent amendment of this provision by sec. 405(a) of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2870, is discussed infra.↩]
7. So amended, section 1034(d) reads as follows: (d) Limitation.-- (1) In general.--Subsection (a) shall not apply with respect to the sale of the taxpayer's residence if within 18 months before the date of such sale the taxpayer sold at a gain other property used by him as his principal residence, and any part of such gain was not recognized by reason of subsection (a). (2) Subsequent sale connected with commencing work at new place.--Paragraph (1) shall not apply with respect to the sale of the taxpayer's residence if-- (A) such sale was in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work, and (B) If the residence so sold is treated as the former residence for purposes of section 217 (relating to moving expenses), the taxpayer would satisfy the conditions of subsection (c) of section 217 (as modified by the other subsections of such section).↩